**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| SHEILA MCCAULEY | CIVIL ACTION NO. 16-0765 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| HUMANA INC. AND KANAWHA INSURANCE COMPANY | MAGISTRATE JUDGE HANNA |

## ORDER

Before the Court is Defendants' Motion to Dismiss. Record Document 8. Plaintiff Sheila McCauley filed suit in state court against defendants Humana, Inc. "and/or" Kanawha Insurance Company, alleging breach of contract for failure to pay insurance benefits. Record Document 1-3. Both Defendants removed this action on grounds that this Court has federal question jurisdiction. Record Document 1, p. 2. Defendants then moved to dismiss Plaintiff's state law claim as pre-empted by the Employee Retirement Income Security Act ("ERISA") or, in the alternative, for summary judgment. Record Document 8. For the reasons discussed below, the Motion to Dismiss [Record Document 8] is **GRANTED**. Plaintiff's state law claim is **dismissed with prejudice** as preempted by ERISA. The motion is **DENIED** in all other respects. Plaintiff is granted leave to amend her complaint by **March 10, 2017** to state a claim under ERISA.

## I. Background

Plaintiff Sheila McCauley worked for Jefferson Davis Bank & Trust Co., which provided a group long term disability insurance policy to its employees. Record

Document 1-3, p. 10. The insurance policy was issued by Kanawha Insurance Company. Record Document 1-2, p. 3. Defendants do not dispute that Plaintiff was an employee covered by this policy. Plaintiff filed a claim with the insurer in, it appears, 2014. Record Document 1-3, p.10. She claims she was never paid the benefits she is owed, and brought this suit for breach of contract under Louisiana law. Id., p. 11.

Defendants moved to dismiss Plaintiff's claim as preempted by ERISA or, in the alternative, for summary judgment. Plaintiff concedes that her claim is preempted by ERISA. Record Document 12.

## II. Discussion

ERISA establishes a uniform regulatory regime over employee benefit plans. Aetna Health, Inc. v. Davila, 542 U.S. 200, 208 (2004). Congress intended that qualifying plans be governed exclusively by federal law, and to that end, ERISA includes expansive preemption provisions and its own civil enforcement mechanism. Id. It is well established that ERISA preempts a state law claim for breach of contract relating to an ERISA plan. See Memorial Hosp. Sys. v. Northbrook Life Ins. Co., 904 F.2d 236, 245 (5th Cir. 1990) ("It is clear that ERISA preempts a state law cause of action brought by an ERISA plan participant or beneficiary alleging improper processing of a claim for plan benefits."); Hubbard v. Blue Cross & Blue Sheild Ass'n, 42 F.3d 942, 946 (5th Cir. 1995).

Defendants contend, and Plaintiff agrees, that the plan at issue is governed by ERISA, and therefore that all state law claims related to the plan are preempted.

Plaintiff's only claim is a state law breach of contract claim. It must be dismissed.

Plaintiff seeks leave to amend her complaint to state a cause of action under ERISA. Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P 15(a)(2). Defendants did not oppose Plaintiff's request to amend her pleading. Therefore, Plaintiff is granted leave to amend her complaint by **March 10, 2017** to state a claim under ERISA.

### III. Conclusion

For the reasons discussed above, Defendants' Motion to Dismiss [Record Document 8] is **GRANTED**. Plaintiff's state law claims are **dismissed with prejudice** as preempted by ERISA. The Motion is **DENIED** in all other respects. Plaintiff is granted leave to amend her complaint by **March 10, 2017** to state a claim under ERISA. If no amendment is timely filed, the Clerk of Court is ordered to close the case. The Magistrate Judge is directed to issue an ERISA Case Management Order consistent with this order.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 9th day of February, 2017.

Elizabeth Erny Foote
United States District Judge